

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-15-746

| | |
|---|---|
| COURTYARD GARDENS HEALTH AND REHABILITATION, LLC, ET AL.<br><br>APPELLANTS<br><br>V.<br><br>ERICKA ANN DAVIS, SPECIAL ADMINISTRATOR OF THE ESTATE OF JULIUS MARKS, DECEASED<br><br>APPELLEE | **Opinion Delivered:** December 14, 2016<br><br>APPEAL FROM THE CLARK COUNTY CIRCUIT COURT<br>[NO. 10CV-14-38]<br><br>HONORABLE ROBERT MCCALLUM, JUDGE<br><br>REVERSED AND REMANDED |

## RITA W. GRUBER, Judge

Appellant Courtyard Gardens Health and Rehabilitation, LLC, along with its owners, administrators, and other related entities (collectively "Courtyard"), appeal from an order denying their motion to compel arbitration.[1] We reverse and remand.

I.

In 2009, Julius Marks, the father of appellee Ericka Ann Davis, became a resident of Courtyard's nursing-home facility in Arkadelphia, Arkansas. Mr. Marks's admission papers, including an arbitration agreement, were signed on his behalf by Ms. Davis, pursuant to her power of attorney.

---

[1] An order denying a motion to compel arbitration is an appealable order. Ark. R. App. P. −Civ. 2(a)(12) (2016).

The arbitration agreement provided, in essence, that any claims related to Courtyard's provision of services or health care would be resolved exclusively by binding arbitration. The agreement also provided that arbitration would be conducted in accordance with the National Arbitration Forum ("NAF") Code of Procedure, which was incorporated into the agreement.

Mr. Marks remained at Courtyard until shortly before his death in October 2013. In April 2014, Ms. Davis, as special administrator of her father's estate, filed suit against Courtyard in Clark County Circuit Court, alleging negligence and medical malpractice in her father's care and treatment. Courtyard moved to compel arbitration of the claim in accordance with the above-referenced arbitration agreement. However, Davis responded that the arbitration agreement was legally impossible to perform because the NAF, whose procedural code was incorporated into the agreement, no longer conducted consumer arbitrations. The court agreed and ruled that the arbitration agreement was impossible to perform due to the unavailability of the NAF. Courtyard filed a timely appeal.

II.

Courtyard argues that the parties' arbitration agreement remained enforceable, despite the NAF's unavailability as an arbitration forum. We agree.

The NAF's absence from consumer-arbitration cases stems from an action filed by Minnesota's Attorney General in 2009. The action alleged that the NAF had violated various consumer-protection laws while handling consumer arbitration claims. *See Green v. U.S. Cash Advance Ill., LLC*, 724 F.3d 787 (7th Cir. 2013); *Meskill v. GGNSC Stillwater Greeley, LLC*, 862 F. Supp.2d 966 (D. Minn. 2012); *Miller v. GGNSC Atlanta, LLC*, 746 S.E.2d

680 (Ga. Ct. App. 2013). To settle the case, the NAF signed a consent decree barring it from accepting consumer arbitration cases. As a result, a legal dilemma arose with regard to arbitration agreements that, like the one here, invoked the NAF procedures. *See Meskill, supra.* The issue that would soon be addressed by numerous courts was whether the NAF's unavailability rendered such arbitration agreements legally impossible to perform.

The courts split on this question, but our supreme court recently resolved the issue for our State in *Courtyard Gardens Health & Rehabilitation, LLC v. Arnold*, 2016 Ark. 62, 485 S.W.3d 669. The *Arnold* court held that, based on the language of the parties' arbitration agreement and the applicable law, the absence of the NAF did not render performance of the arbitration agreement impossible. Specifically, the court determined that the agreement's reference to the NAF was ancillary to, rather than integral to, the parties' agreement to arbitrate. We reach the same conclusion, based on the holding in *Arnold*.

Our decision is rooted in the fact that *Arnold* is identical in many respects to the case before us. *Arnold* involved, as does the present case, Courtyard's appeal from a ruling by the Clark County Circuit Court that an arbitration agreement was impossible to perform due to the unavailability of the NAF. Of greater importance, the arbitration agreement in *Arnold* is the same for all practical purposes as the arbitration agreement in this case—a crucial consideration in light of the supreme court's reliance on the particular language of the agreement. Further, the parties' arguments in *Arnold*, as here, focus on the legal concept of impossibility of performance and the effect of the NAF's unavailability. The supreme court's analysis of these arguments in *Arnold* was thorough and meticulous, and there is no need to expound on that analysis.

SLIP OPINION

Given these factual and legal similarities between *Arnold* and the case at bar, there remains little, if any, room for a different outcome. We therefore see no reason to deviate from *Arnold's* holding that arbitration must go forward, despite the NAF's unavailability.

Davis attempts to distinguish *Arnold*, but her efforts are unavailing. In particular, she contends that *Arnold* did not address certain parts of the NAF Code, such as Rules 48(D) and (E), which, she contends, warrant a denial of arbitration. Without delving into the substance of these rules, we observe that another recent supreme court case, *GGNSC Holdings, LLC v. Lamb*, 2016 Ark. 101, 487 S.W.3d 348, rejected these Rule 48 arguments. The *Lamb* court stated the following:

> As a separate point of appeal, GGNSC takes issue with the circuit court's finding that Rules 48(D) and (E) permit the residents to assert their claims in court. In response, Lamb argues that the circuit court correctly ruled that the arbitration agreement does not require the residents to arbitrate their disputes, but that Rule 48 allows the residents to sue in court. Further, Lamb argues that "it is impossible for the NAF to arbitrate this dispute as a result of the consent judgment with the Minnesota Attorney General." Thus, despite this argument being addressed as a separate point on appeal, the crux of Lamb's argument involves impossibility. As explained below, we reject Lamb's argument for the reasons set forth in *Courtyard Gardens Health & Rehabilitation, LLC v. Arnold*, 2016 Ark. 62, 11-12, 485 S.W.3d 669.

2016 Ark. 101, at 12, n. 3, 487 S.W.3d 348, at 356, n. 3. The court then went on to hold that, for the reasons stated in *Arnold*, the parties' arbitration agreement was not impossible to perform.

We reverse and remand for entry of an order compelling arbitration. *See Arnold*, *supra*.

Reversed and remanded.

HARRISON and HOOFMAN, JJ., agree.

*Kutak Rock LLP*, by: *Mark W. Dossett, Samantha B. Leflar*, and *Luke Burton*, for appellants.

*Appellate Solutions, PLLC*, by: *Deborah Truby Riordan*; *The Edwards Firm, P.L.L.C.*, by: *Robert H. Edwards*; and *Wilkes & McHugh, P.A.*, by: *William P. Murray III*, for appellee.